## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE E. WARREN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>COLONIAL PIPELINE COMPANY,<br><br>Defendant. | Civ. No. 17-1205-KM-JBC<br><br>**OPINION and ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the court on the motion of the defendant, Colonial Pipeline Company, to dismiss Count II of this two-count complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the motion will be granted.

I.    **BACKGROUND**

The allegations of the Complaint ("Cplt.", ECF no. 1) are assumed to be true for purposes of this motion. (*See* Section II.A, *infra*.) Because Colonial presents a pure issue of law, the following summary is brief.

Defendant Colonial, a common carrier, operates an interstate pipeline which transports gasoline and other petroleum products. As a common carrier, Colonial performs a service for hire; it does not own the petroleum products that it transports. Plaintiff George E. Warren Corporation ("GEW") regularly uses Colonial's pipeline to transport its petroleum products from Texas to New Jersey. At its plants in New Jersey, GEW blends the petroleum product.

GEW has announced that a Joint Venture of which GEW is a member is building a blending facility in Georgia. That blending facility will inject butane into the shippers' gasoline as it passes through the pipeline. Colonial will thereby dilute the gasoline and create excess product, which Colonial will sell

1

for its own profit. GEW alleges that it will be harmed by receiving diluted, degraded product, and by losing the benefit of the excess product siphoned off by Colonial.[1] In particular, the already-blended product will be in a diluted state, so that GEW cannot blend it further. (Cplt. ¶ 23)

The Complaint has two Counts. Count I seeks a declaratory judgment and damages under the Carmack Amendment. Count II seeks a declaratory judgment and damages under the state law tort of conversion. Count II is expressly pled in the alternative, "[i]f the Court determines the conduct described above is outside the Carmack Amendment." (Cplt. ¶ 36)

Colonial moves to dismiss Count II of the Complaint only. (ECF no. 5) GEW has filed a response (ECF no. 8), and Colonial has filed a reply (ECF no. 9). The matter is thus fully briefed and ripe for decision. Because I agree that the state-law tort allegations are subsumed and preempted by the Carmack Amendment, I will grant the motion.

## II.    DISCUSSION

### A. Standard on a Rule 12(b)(6) Motion

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

---

[1]    Colonial has allegedly announced that it will begin the blending operation in early 2017. (Cplt. ¶ 20) The papers do not reveal whether the plan has been implemented on schedule.

Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

## B.    Carmack Amendment Preemption of State Conversion Claim

The Carmack Amendment[2] "preempts all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipments." *See Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 336 (3d Cir. 2014) (quoting *N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 456 (7th Cir.1996)); *Atchison, Topeka & Santa Fe Railway Co. v. Harold*, 241 U.S. 371, 378 (1916) ("[t]he Carmack Amendment...was an assertion of the power of Congress over the subject of interstate shipments...which, in the nature of things, excluded state action"); *Intech, Inc. v. Consolidated Freightways, Inc.*, 836 F.2d 672, 677

---

[2]    The Complaint cites 49 U.S.C. § 15906(a). Colonial raises the technical point that the section applicable to an oil pipeline is actually 49 U.S.C. § 20(11), although the standards are identical. *Compare Missouri Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964) (stating elements of a prima facie case under 49 U.S.C. § 20(11)), *with Soares v. Bekins Van Lines, Co.*, 2016 WL 797046 at *2 (D.N.J. March 1, 2016) (stating similar elements for a claim under 49 U.S.C. § 11706). I therefore set the distinction aside.

(1st Cir.1987) ("the Carmack Amendment provides the exclusive remedy" for "an action for damages against the delivering carrier").

That is clear enough. Colonial is a common carrier transporting GEW's product. GEW's conversion claim, like its Carmack Amendment claim, is based on damage to its product via Colonial's dilution of it while in transit from Texas to New Jersey. That is a claim for "loss or damage to interstate shipments." *Certain Underwriters*, 762 F.2d at 336.

But wait, says GEW; this is not a case of loss or damage, but outright theft by the shipper itself. GEW notes that issue of whether such true conversion claims are preempted by the Carmack Amendment has given rise to "a split in the circuits."

We, however, are in the Third Circuit. The U.S. Court of Appeals for the Third Circuit has held squarely that claims for conversion, like others, are preempted:

> The Courts of Appeals have also unanimously held that the Carmack Amendment preempts all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipments....They have dismissed state and common law claims for breach of contract, negligence, conversion and every other action for loss of or injury to a shipment of goods. Courts of Appeals from the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have consistently held that the Carmack Amendment is the 'exclusive cause of action for interstate-shipping contract [and tort] claims alleging loss or damage to property...

> We have already held in passing that the state law breach of contract and negligence claims against a carrier for loss of or damage to goods are preempted. We affirm that holding today. We also conclude that state law conversion claims are likewise preempted, just as the Supreme Court itself has instructed.

*Certain Underwriters*, 762 F.2d at 336.

GEW cites contrary cases from the First and Ninth Circuits, and states that the split is "not yet resolved by the United States Supreme Court." (GEW

4

BRf. 7 n.4) Those cases, however, date from 1997 and 1954.[3] GEW points to no indications that resolution of the Circuit split is imminent. As things stand, I am obligated to follow current Third Circuit law. Of course, if the Supreme Court were to hold to the contrary during the pendency of this action, I would be obligated to follow that controlling case law. And I will state squarely that GEW has preserved its position on the issue.

GEW's response, in essence, is that it is not being unreasonable—and indeed it is not. GEW pled conversion in the alternative, *in the event* the Court should find that the Carmack Amendment does not apply. And a party may, of course, set forth alternative versions of a claim in its pleadings. Fed. R. Civ. P. 8(d)(2). Still, a court need not go forward with discovery on an alternative theory that is legally defective; that would impose a pointless burden on the parties, who would have to brief and litigate state law, choice of law issues, and the like. Uniformity and avoidance of such legal fragmentation are the very reason for the Carmack Amendment, *see Certain Underwriters,* 762 F.3d at 338, and I would not circumvent that policy, even temporarily, without good reason.[4]

---

[3]    *Rini v. United Van Lines, Inc.,* 104 F.3d 502, 506 (1st Cir. 1997); *Glickfeld v. Howard Van Lines, Inc.,* 213 F.2d 723, 727 (9th Cir. 1954).

[4]    *American Rock Salt Co., LLC v. Norfolk Southern Corp.,* 180 F. Supp. 2d 420, 426 (W.D.N.Y. 2001), cited by GEW, did allow contract and Carmack Amendment claims to proceed in the alternative. The issue there, however, was one that the court could not resolve on a motion to dismiss: whether the carrier's parent corporation was a party to a contract which, if applicable, might have vitiated the effect of federal statutory standards. Here, by contrast, the parties present a pure issue of law that is controlled by Third Circuit precedent.

**ORDER**

For the reasons set forth above,

IT IS this 17th day of July, 2017

ORDERED that the defendant's motion (ECF no.5) to dismiss Count II of
the Complaint is GRANTED.

HON. KEVIN MCNULTY, U.S.D.J.